UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGER B. HARGRAVE,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | )  Civ. Action No. 09-0147 (RMC) |
| | ) |
| **WASHINGTON HOSPITAL CENTER** *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

**MEMORANDUM OPINION**

In this civil action filed *pro se*, Roger B. Hargrave, a prisoner incarcerated in Cumberland, Maryland, sues Washington Hospital Center ("WHC") and WHC employees Nichelle Green and Dr. Timothy Light for "gross negligence." Compl. ¶ 8. Mr. Hargrave claims that Defendants' failure to respond to his request for the medical records of a former patient, Yvette Cade, hindered his ability to defend against Ms. Cade's civil lawsuit in the Circuit Court for Prince George's County, Maryland. Consequently, Ms. Cade was awarded a $40 million civil judgment against him.[1] *See* Compl.¶¶ 4-5 & Attach. Mr. Hargrave seeks $45 million in damages.

      Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Upon consideration of the complaint [Dkt. # 1], Defendants'

---

[1] As observed by another judge of this Court, Mr. Hargrave "was convicted by a Prince George's County, Maryland, jury and is serving a life sentence for a crime that received nationwide attention--setting his ex-wife Yvette Cade on fire." *Hargrave v. Wash. Post*, 2009 WL 1312513 * 1 (D.D.C., May 12, 2009) (Kennedy, J.). *See also* Def.'s Ex. 1 (article on Mr. Hargrave's sentencing).

motions to dismiss [Dkt. ## 10 & 13], Mr. Hargrave's opposition [Dkt. # 15] and Defendants' reply [Dkt. # 17], the Court finds that it has subject matter jurisdiction but that the complaint fails to state a negligence claim. It therefore will grant Defendants' Rule 12(b)(6) motion to dismiss.

## I. BACKGROUND

Mr. Hargrave alleges the following. During discovery in the aforementioned civil action in Maryland, Mr. Hargrave requested Ms. Cade's medical records. In December 2007, Ms. Cade's attorney stated during a "pre-trial conference . . . regarding discovery request[s]" that Mr. Hargrave would have to pay $500 for copies of Ms. Cade's medical records, "and the Judge ruled on [a] motion to Washington Hospital Center as being moot in that I would still have to pay for said records." Compl. ¶ 2. In April 2008, Mr. Hargrave requested the medical records from Ms. Cade's treating physician, Dr. Light, and from Ms. Green, neither of whom responded to his request for the records and their costs. *Id*. ¶¶ 1, 3. Mr. Hargrave had "no choice but to proceed [to trial] without said Medical Records." *Id*. ¶ 3. Following a bench trial, the County Circuit Court entered judgment for Ms. Cade on October 7, 2008. Compl. Attach.

## II. DISCUSSION

1. <u>Subject Matter Jurisdiction</u>

The subject matter jurisdiction of the federal district courts is determined generally by 28 U.S.C. § 1331, which confers original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States, and 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between (1) citizens of different States[.]" A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P.

8(a), or risk dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

Defendants contend that Mr. Hargrave has not pleaded sufficient facts to establish subject matter jurisdiction under either § 1331 or § 1332.  Mr. Hargrave's complaint for "gross negligence" does not present a federal question, and his attempt to cure this deficiency by later asserting that "the negligence stated herein violates a right to due process," Pl.'s Opp'n ¶ 1, fails sorely.  However, the face of the complaint provides a basis for diversity jurisdiction inasmuch as Mr. Hargrave lists his residence as Cumberland, Maryland, the Defendants' addresses as Washington, D.C., and pleads an amount in controversy well above the $75,000 threshold.  Because "diversity of citizenship is assessed at the time the action is filed," *Freeport-McMoRan, Inc. v. K N Energy, Inc.* 498 U.S. 426, 428 (1991), the Court is satisfied that it has original jurisdiction to entertain the complaint under the diversity statute.[2]

2. <u>Failure to State a Claim</u>

Defendants contend that the complaint should be dismissed because Mr. Hargrave has failed to state a negligence claim.  At this pleading stage, a complaint may be dismissed for failure to state a claim upon a determination that the plaintiff cannot establish "any set of facts

---

[2]   Defendants fault Mr. Hargrave for failing to allege his "pre-incarceration residency" and the residency of each Defendant, Mem. of Law in Support of Def.'s Mot. to Dismiss at 3-4, but the Court is required to read *pro se* filings liberally.   Moreover, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  Defendants' questions surrounding the diverse residency requirement do not defeat the Court's apparent jurisdiction but rather raise an issue that cannot be resolved without further factual development of the record and the opportunity for Mr. Hargrave to amend the complaint.  *See Rockwell Intern. Corp. v. U.S.,* 549 U.S. 457, 473-4 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may involve a facial attack or a factual attack."); *Crane v. Carr*, 814 F.2d 758, 760 n.2  (D.C. Cir. 1987) (("discovery is available to ascertain the facts bearing on [jurisdictional] issues") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978)) (brackets in original; other citations omitted).

consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1969 (2007) (citations omitted). "A pleading that [merely] offers 'labels and conclusions' [] 'a formulaic recitation of the elements of a cause of action' [or] 'naked assertion[s]' devoid of 'further factual enhancement'" cannot survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*). In ruling on a motion to dismiss, the Court need not accept legal conclusions cast as factual allegations, *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004), or "inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

   To state a negligence claim under District of Columbia law, Mr. Hargrave must allege facts establishing "(1) a duty, owed by the defendant to the plaintiff, to exercise reasonable care, (2) a breach of this duty, and (3) an injury to the plaintiff proximately caused by the defendant's breach." *Wilson v. Good Humor Corp.*, 757 F.2d 1293, 1297 n.3 (D.C. Cir. 1985); accord *Jolevare v. Alpha Kappa Alpha Sorority, Inc.*, 521 F. Supp.2d 1, 14 (D.D.C. 2007). The alleged facts do not identify a legal duty WHC owed Mr. Hargrave to produce Ms. Cade's medical records, nor can a duty be reasonably inferred. Particularly, Mr. Hargrave does not state that he obtained Ms. Cade's written consent for said disclosure or a court order compelling disclosure; even if he had so alleged, WHC would have had no legal duty to provide the records for free.

### III. CONCLUSION

   For the foregoing reasons, the Court concludes that Mr. Hargrave has failed to state a claim upon which relief may be granted and, thus, grants Defendants' motion to dismiss

4

[Dkt. ## 10 & 13] under Fed. R. Civ. P. 12(b)(6).  A separate Order accompanies this Memorandum Opinion.

Date: September 24, 2009                                  /s/
ROSEMARY M. COLLYER
United States District Judge